IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| MARION BASS, | : |
| Plaintiff, | : |
| v. | : Case No. 4:24-cv-171-CDL-AGH |
| Judge STEVEN D. SMITH, *et al.*, | : |
| Defendants. | : |

**ORDER AND RECOMMENDATION**

On December 2, 2024, Plaintiff filed a Complaint under 42 U.S.C. § 1983 (ECF No. 1) and a motion for leave to proceed *in forma pauperis* ("IFP") (ECF No. 2). Because Plaintiff has established that he is unable to pay the filing fee, his motion to proceed IFP is **GRANTED**. However, for the reasons stated below, the Court recommends that his Complaint be dismissed.

**DISCUSSION**

**I.   Legal Standard for Preliminary Review**

Once a court grants a plaintiff's motion for leave to proceed IFP, the Court must conduct a preliminary screening under 28 U.S.C. § 1915(e)(2). That statute requires the court to "dismiss the case at any time if the court determines that . . . the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is frivolous when the complaint "lacks an

arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Additionally, "[a] case is frivolous if the factual allegations are 'clearly baseless,' or if it is based on an 'indisputably meritless' legal theory." *Johnson v. Wilbur*, 375 F. App'x 960, 963 (11th Cir. 2010) (quoting *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993)).

A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Twombly*, 550 U.S. at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed." *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (quotation marks and citation omitted). Nevertheless, while "[c]ourts do and should show a leniency to *pro se* litigants not enjoyed by those with the benefit of a legal education[,]" the Court is not permitted "to serve as *de facto* counsel for a party" by "rewrit[ing] an otherwise deficient pleading in order to sustain an action[.]" *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*, 556 U.S. 662.

## II. Plaintiff's Complaint

Plaintiff alleges that he had a case heard in a state court (either Magistrate or Municipal Court) in May 2024. Compl. 4, ECF No. 1. He states that the judge who heard his case, Defendant LaRae Moore, "didn't know the landlord tenant law [O.C.G.A. §] 44-7-35(c)," so she told Plaintiff she would have to research it. *Id.* He then appears to be complaining that Defendant Moore took too long to act on his claims:

> The Judge didn't make any moves until I gave Judge Smith a letter intent to file what is Judicial Misconduct, then a letter in the mail. The same thing I stated to the Judge on May 24, 2024 her research took her Mid August an the law Library down the hall.

*Id.* (capitalization in original).

In addition to Judge Moore, Plaintiff sues Judge Steven Smith, as the supervising judge of the Municipal and Magistrate Courts of Columbus, Georgia, and Reginald Thompson, Clerk of the Municipal Court. *Id.* at 2-3. Plaintiff claims that he attempted to contact Defendants Smith, Moore, and Thompson, but he did not receive a response. *Id.* at 4. Plaintiff further states that, while he was attempting to get his case resolved, the clerk's office gave him incorrect information: that "Judge Smith is over everything [so] talk to Judge Smith," but Defendant Smith's office told Plaintiff that "they handle Magistrate only [and] Judge Smith [was] too busy[.]" *Id.* Plaintiff contends he sustained emotional distress, humiliation, depression, anxiety, inconvenience, apprehension, embarrassment, indignity, and anger, and seeks a declaration that his rights were violated and compensatory damages of $1,000,000.00 and punitive damages of $1,000,000.00. Compl. 5.

### III. Preliminary Review of Plaintiff's Complaint

As explained below, Plaintiff fails to state a claim for relief under 42 U.S.C. § 1983 and his Complaint should be dismissed. Although pro se parties are normally afforded an opportunity to amend prior to dismissal, amendment here would be futile. Plaintiff's Complaint should thus be dismissed without opportunity to amend.

#### A.    Plaintiff fails to state a claim under § 1983[1]

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995).

##### *1.   Judges Smith and Moore*

Absolute judicial immunity protects Defendants Smith and Moore from suit; thus, any claims against them should be dismissed. Plaintiff sues Defendants Smith and Moore in their official capacity. Compl. 2. Further, the allegations against them relate to their work as judges of the Municipal and Magistrate Courts of Columbus, and they apparently arose during, or relate to, a court hearing before Defendant Moore.

---

[1] The Municipal Court and the Chattahoochee Judicial Circuit are listed on the docket, but it is clear from the Complaint that they were not separately listed as defendants and even if they had been, they're not subject to suit. *See Harned v. Fulton Cnty. Clerk of Court's Office*, No. 23-12543, 2024 WL 4050561, at *2 (11th Cir. Sept. 5, 2024) (finding that the Fulton County, Georgia, Clerk's Office is not an entity capable of suit under Georgia law and affirming the dismissal of § 1983 claims against the Clerk's Office). The Clerk is **DIRECTED** to terminate these Defendants.

It is well settled that "[j]udges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.'" *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)). "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Id.* (citing *Stump*, 435 U.S. at 356). To determine whether a judge's acts occurred while acting in a judicial capacity, courts look to

> whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his [or her] judicial capacity.

*Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005) (citation omitted).

Here, it is clear that Defendants Smith and Moore were acting in their judicial capacity because the allegations involve a case that was pending before Defendant Moore, and the controversy arose directly and immediately from that case during open court proceedings. Consequently, both Defendants Smith and Moore are entitled to absolute judicial immunity, and they should be dismissed.

Defendant Smith is also entitled to dismissal because it appears that Plaintiff seeks to assert liability based on Defendant Smith's supervision of the Municipal and Magistrate Courts. But "[i]t is well established that § 1983 claims may not be brought against supervisory officials on the basis of vicarious liability or respondeat superior." *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010). Instead, to establish liability against a supervisor, a plaintiff must allege facts showing either

that a supervisor personally participated in the alleged constitutional violation or that there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation. *Id*. at 762; *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999). Plaintiff fails to allege any facts that would plausibly support an inference that Defendant Smith had any direct or indirect involvement with any alleged violation of Plaintiff's constitutional rights. Thus, the Court recommends that any claims against Defendant Smith in his supervisory capacity be dismissed. *See, e.g.*, *Asad v. Crosby*, 158 F. App'x 166, 171-72 (11th Cir. 2005) (affirming district court's dismissal of supervisory liability claims against two defendants because the record failed to show that they "personally participated in the alleged constitutional violations, or that there was a causal connection between the supervisory defendants' actions and an alleged constitutional violation.").

        2.       *Defendant Thompson*

Defendant Thompson should similarly be dismissed for failure to state a claim because Plaintiff fails to allege that Defendant Thompson had any involvement in the acts complained of and, even he did, he is entitled to quasi-judicial immunity. Plaintiff alleges that Defendant Thompson's office gave him incorrect information. Compl. 4. Thus, Plaintiff fails to make any direct allegations against Defendant Thompson, and to the extent that he has, they address Defendant Thompson's supervisory capacity of his office of Clerk of Municipal Court.

Further, Defendant Thompson is entitled to quasi-judicial immunity. Accepting Plaintiff's allegations as true, as the Court must at this stage, Defendant

Thompson's office of the Clerk of Municipal Court provided Plaintiff with incorrect information that pertained to Plaintiff's Municipal Court case. The Eleventh Circuit has "held that 'nonjudicial officials are encompassed by a judge's absolute immunity when their official duties have an integral relationship with the judicial process.'" *Harned*, 2024 WL 4050561, at *3 (quoting *Roland v. Phillips*, 19 F.3d 552, 555 (11th Cir. 1994)). This form of immunity is called "absolute quasi-judicial immunity" and it "derives from absolute judicial immunity[.]" *Id.* (quoting *Roland*, 19 F.3d at 555). Absolute quasi-judicial immunity attaches when the official is acting within the scope of their authority. *Id.* (citation omitted).

Here, there is no question that Defendant Thompson was acting within the scope of his authority by acting as the supervisor of the Clerk's Office of the Municipal Court. Indeed, Plaintiff was seeking information from Defendant Thompson's office which related directly to the function of the Municipal Court. Even if Plaintiff could show error on the part of Defendant Thompson or his office, absolute immunity from suit still attaches. *Id.* (quoting *Stump*, 435 U.S. at 359) ("the Supreme Court has told us that a 'judge is absolutely immune from liability for his judicial acts even . . . [when] grave procedural errors' result") (alterations in original). Consequently, the claims against Defendant Thompson should be dismissed.

B. <u>Amendment would be futile</u>

Generally, a district court must grant a *pro se* plaintiff at least one opportunity to amend before dismissing if a more carefully drafted complaint might state a claim. *See Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1132 (11th Cir. 2019).

7

However, a district court is not required to offer leave to amend a complaint when "a more carefully drafted complaint could not state a claim." *Id.* at 1133 (citation and quotation marks omitted). In other words, "[l]eave to amend a complaint is futile when the complaint as amended would still be properly dismissed." *Id.* (citation and quotation marks omitted). Such is the case here. No amendment to Plaintiff's Complaint would change the fact that the parties here are entitled to immunity from suit. Therefore, the Court recommends Plaintiff's Complaint be dismissed without prejudice without allowing him an opportunity to amend. *See Blankenship v. Claus*, 149 F. App'x 897, 899 (11th Cir. 2005) (affirming district court's dismissal without giving the plaintiff the opportunity to amend, noting that "no amendment will create diversity jurisdiction").

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**, and the Court recommends that Plaintiff's Complaint (ECF No. 1) be **DISMISSED WITHOUT PREJUDICE**. Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof. Any objection should be no longer than TWENTY (20) PAGES in length. See M.D. Ga. L.R. 7.4. The district judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

Plaintiff is hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO ORDERED** and **RECOMMENDED**, this 11th day of April, 2025.

    s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE